# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

        -vs-

**DANIEL GIANNINI,**

        Movant.

Case No.    09-C-128
                 (07-CR-109)

## DECISION AND ORDER

Daniel Giannini ("Giannini") moves for relief from his sentence under 28 U.S.C. § 2255. Giannini filed an extensive memorandum in support of twenty (20) ineffective assistance of counsel claims. After an initial review of Giannini's motion, the Court ordered the government to respond by March 27, 2009. The government asked for, and received, four extensions of time, and the response was filed on June 11, 2009.

Giannini moved for default judgment in light of the delays, but Giannini now moves to withdraw the motion for default and substitutes a motion for sanctions. Giannini asks the Court to impose a $5,000 fine on the United States Attorneys Office with "those monies to be allocated to the law library at FMC Rochester." This is a frivolous request. All of the extensions were necessary and reasonable, especially given the level of detail in Giannini's claims and the corresponding need for the government to confer with Giannini's trial counsel.

Giannini also requests appointment of counsel. Due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Giannini argues that the Court should appoint counsel because his case would be presented more effectively, but that is not the appropriate standard. *Id.* at 655. Instead, the Court must ask, given the difficulty of the case, does Giannini appear competent to litigate it himself? *Id.* at 654. Giannini's extensive, voluminous and articulate filings demonstrate that he is competent to litigate his claims on his own behalf.

Giannini goes one step further and asks, in the alternative, that the Court order the Bureau of Prisons to evaluate him for a daily furlough and to provide transportation to the local law library to conduct appropriate legal research. There is no legal authority for the Court to grant this request in the context of Giannini's ongoing habeas proceedings. In any event, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Giannini does not argue that he is denied access to legal materials. He just wants access to more and better legal materials, including computerized research and secondary sources. Therefore, Giannini's right to access the court system is not being denied or hindered in any way. *See, e.g., Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992) ("[P]rison officials need not provide both an adequate law library and adequate legal

assistants. . . . [r]ather, the program as a whole must . . . provide meaningful access to the courts").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Giannini's motion to withdraw his motion for default judgment [D. 14] is **GRANTED**;

2. Giannini's motion for sanctions [D. 14] is **DENIED**;

3. Giannini's motion for appointment of counsel and/or for access to additional legal materials [D. 14] is **DENIED**; and

4. Giannini's motion for a date specific for the filing of his reply brief [D. 14] is **GRANTED**. Giannini should file his reply brief on or before **August 14, 2009**.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2009.

           **SO ORDERED,**

           **s/ Rudolph T. Randa**
           **HON. RUDOLPH T. RANDA**
           **Chief Judge**